IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRY JOE BURTON,   No. CIV S-05-2131-FCD-CMK-P

    Plaintiff,

  vs.   ORDER

ADAMS, et al.,

    Defendants.

_____/

       Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's complaint (Doc. 1), filed on October 24, 2005.

       The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

1

1  This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne,
2  84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are
3  satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds
4  upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff
5  must allege with at least some degree of particularity overt acts by specific defendants which
6  support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it
7  is impossible for the court to conduct the screening required by law when the allegations are
8  vague and conclusory.
9       To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual
10  connection or link between the actions of the defendants and the alleged deprivations. See
11  Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).
12  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of
13  § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to
14  perform an act which he is legally required to do that causes the deprivation of which complaint
15  is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory
16  allegations concerning the involvement of official personnel in civil rights violations are not
17  sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff
18  must set forth specific facts as to each individual defendant's causal role in the alleged
19  constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).
20       Here, plaintiff's one-paragraph statement of claim does not make reference to any
21  specific named defendant. Thus, the complaint fails to allege a causal link between any
22  defendant and a constitutional violation. Plaintiff will be given an opportunity to amend to
23  allege an adequate causal link.
24       As to the substance of plaintiff's complaint, it appears that plaintiff is alleging
25  denial of access to the courts. Prisoners have a constitutional right of access to the courts. See
26  Lewis v. Casey, 518 U.S. 343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977); Bradley

1  v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995) (discussing the right in the context of prison
2  grievance procedures).  This right requires prison officials to "assist inmates in the preparation
3  and filing of meaningful legal papers by providing prisoners with adequate law libraries or
4  adequate assistance from persons trained in the law." Bounds, 430 U.S. at 828.  The right,
5  however, only requires that prisoners have the capability of bringing challenges to sentences or
6  conditions of confinement.  See Lewis, 518 U.S. at 356-57.  Moreover, the right is limited to
7  non-frivolous criminal appeals, habeas corpus actions, and § 1983 suits.  See id. at 353 n.3 &
8  354-55.  Therefore, the right of access to the courts is only a right to present these kinds of
9  claims to the court, and not a right to discovery claims or to litigate them effectively once filed.
10 See id. at 354-55.

11         As a jurisdictional requirement flowing from the standing doctrine, the prisoner
12 must allege an actual injury.  See id. at 349.  "Actual injury" is prejudice with respect to
13 contemplated or existing litigation, such as the inability to meet a filing deadline or present a
14 claim.  See id.  Delays in providing legal materials or assistance which result in prejudice are
15 "not of constitutional significance" if the delay is reasonably related to legitimate penological
16 purposes.  Id. at 362.

17         To the extent plaintiff's claim is based on denial of access to the courts, plaintiff
18 should keep the foregoing standards in mind when drafting his amended complaint.

19         Because it is possible that the deficiencies identified in this order may be cured by
20 amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire
21 action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is
22 informed that, as a general rule, an amended complaint supersedes the original complaint.  See
23 Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to
24 amend, all claims alleged in the original complaint which are not alleged in the amended
25 complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if
26 plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make

plaintiff's amended complaint complete.  See Local Rule 15-220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at 1260-61; see also Local Rule 11-110.  Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint, filed on October 24, 2005, is dismissed with leave to amend; and

2. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

DATED:  December 4, 2005.

/s/ Craig M. Kellison
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

4