IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY JOE BURTON, | No. CIV S-05-2131-FCD-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| ADAMS, et al., | |
| Defendants. | |
| _____/ | |

   Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's motion to compel (Doc. 30), filed on January 9, 2007.

   Plaintiff seeks an order compelling defendants to provide further responses to his request for production of documents.  Specifically, plaintiff states that he served 13 requests for production, but that defendants only adequately responded to request no. 10.  Plaintiff seeks further responses as to requests 1-9 and 11-13.

/ / /

/ / /

/ / /

1

## I. STANDARDS FOR MOTION TO COMPEL

Generally, discovery may be obtained "...regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action..." Fed. R. Civ. P. 26(b)(1). Relevancy in the discovery context has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that bear on, any issue that is in the case. Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 352 (1978) (citing Hickman v. Taylor, 329 U.S. 495, 501 (1947)). Therefore, a discovery request directed at discovering a matter which is not reasonably calculated to lead to the discovery of admissible evidence is not within the scope of Fed. R. Civ. P. 26(b)(1). Id. Consistent with this rule, discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues. Id. at 351. Nor is discovery limited to the merits of a case, for a variety of fact-oriented issues may arise during litigation that are not related to the merits. Id.

Discovery may not be obtained regarding matters which are privileged. See Fed. R. Civ. P. 26(b)(1). Thus, if a discovery privilege exists, information may be withheld, even if relevant to the case. See Baldridge v. Shapiro, 455 U.S. 345 (1982). The question of privilege is determined by reference to the Federal Rules of Evidence. See Campbell v. Gerrans, 592 F.2d 1054 (9th Cir. 1979). Generally, questions of privilege "...shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience." Fed. R. Evid. 501. However, in civil actions which do not raise a federal question, the question of privilege is determined by state law. See Fed. R. Evid. 501. But, "when state privilege law is consistent, or at least compatible with, federal privilege law, the two shall be read together in order to accommodate the legitimate expectations of the state's citizens." Pagano v. Oroville Hospital, 145 F.R.D. 683, 687 (E.D. Cal. 1993).

Finally, relevant non-privileged discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient; or (2) the burden or expense of the proposed discovery outweighs its likely

benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.  See Fed. R. Civ. P. 26(b)(2).

## II.  DISCUSSION

Request No. 1

Plaintiff requested "copies of the first and third watch Daily Report Sheets . . . for the time period of December 1, 2004, through June 30, 2005 . . . [f]or the particular yard and building, Facility C2, building (7), at High Desert State Prison . . ." Defendants responded with a number of objections and added: "Without waiving said objections, Defendants respond: All daily report sheets are only retained for six months.  Defendants do not possess the daily report sheets for the days in questions."  The court finds that this response is adequate.  Quite simply, as defendants state, they do not have the documents plaintiff requests.

Request No. 2

Plaintiff requested "institutional mailroom procedures for processing incoming and outgoing legal mail at H.D.S.P."  Plaintiff also requested that defendants specify the names of mailroom staff who were designated to process incoming and outgoing legal mail from December 1, 2004, through June 30, 2005.  Again, defendants raised a number of objections but, without waiving those objections, responded by providing plaintiff with a copy of the relevant state procedural guidelines for processing legal mail.  Defendants did not, however, provide the names of the prison staff responsible for mail processing during the dates specified in the request.  As to this information, it appears that defendants object because the request seeks confidential personnel information.

The court finds that defendants' response in providing a copy of the applicable policies governing handling of legal mail is adequate as to the first part of this request. However, the court does not find that, by simply asking for the names of staff who were

responsible for processing legal mail during the time period specified, the request in any way seeks confidential or private information. An adequate response to this portion of the request would not require defendants to provide any confidential personnel records, as they contend in their objection. Rather, defendants need only provide a list of names. Therefore, defendants' objection to plaintiff's request for the names of personnel responsible for processing legal mail between December 1, 2004, and June 30, 2005, is overruled. Defendants will be required to further respond to this request.

Request No. 3

Plaintiff seeks documents concerning mailroom staff who were fired or disciplined between December 1, 2004, and June 30, 2005. In particular, plaintiff seeks documents which specify why such individuals were fired or disciplined, the dates of such action, and the names and contact information for the staff members involved. Defendants raised a number of objections. Specifically, defendants contend the request is over-broad and seeks confidential personnel information.

The court sustains defendants' objections to this request. First, the request is indeed over-broad. Plaintiff's claim in this case concerns alleged mishandling of legal mail. The request, however, seeks information concerning mailroom staff who were fired or disciplined <u>for any reason</u>. As such, the request is over-broad in that it seeks information beyond the scope of plaintiff's claim. Further, even if plaintiff had limited this request to those staff members fired or disciplined <u>for mishandling of legal mail</u>, the request still seeks confidential personnel information concerning personnel discipline.

Request No. 4

In this request, plaintiff seeks "departmental procedure for processing incoming and outgoing legal mail . . . during the time of the mailroom staff members being fired, let go, or otherwise disciplined." Again, defendants objected but, without waiving objections, provided plaintiff with a copy of the relevant California regulations and operational procedures. The court

finds defendants' response to be adequate. It appears that this request differs from request no. 2 in that it seeks the policies in effect at the time of any mailroom personnel discipline. Because defendants provided the same policy statement – "OP 605" – plaintiff can infer that the same policy was in effect during the relevant time period. In other words, there was not a different policy in effect during the time of any personnel discipline.

Request No. 5

Plaintiff seeks the names of the personnel assigned to the "3rd and 1st watch floor and central booth . . . in Facility C2, building 7 . . ." from December 1, 2004, through June 30, 2005. Defendants raised a number of objections but provided the sign-in/out sheets for the first and third watches at C Facility for the time periods of February 14, 2005, through February 16, 2005, and May 5, 2005, through May 6, 2005 – the dates on which plaintiff's claims allegedly arose. The court finds this response to be adequate and sustains defendants' objections. Specifically, to the extent plaintiff seeks names for dates other than the dates he alleges the constitutional violations occurred, the request is over-broad and does not seek relevant information.

Request No. 6

Plaintiff requests "documentation whether there is any qualification process that any of the named defendants . . . would have to qualify to be instructed to handle inmates' confidential legal mail." Defendants raised objections – including vagueness – but responded by providing plaintiff with copies of the applicable regulations and operational procedures. The court finds defendants' response to be adequate. In particular, the request is indeed vague. Plaintiff seeks documents indicating whether there is any qualification process. From this, it is unclear whether plaintiff seeks the actual regulations concerning a qualification process, or simply whether such a process exists. Notwithstanding this ambiguity, defendants adequately responded by providing copies of the relevant rules. From this, it would be fair to conclude that there is in fact a process for handling legal mail, and that the named defendants would have been

required to follow that process.

### Request No. 7

In this request, plaintiff seeks documents that "proves the named defendants were approved to handle inmate legal mail" pursuant to any process identified in response to request no. 6. Again, defendants objected but provided a copy of OP 605, which presumably is the legal mail operating procedure. The court finds this response to be inadequate. Defendants have provided the general operating procedures. However, this does not respond to plaintiff's request for documents, if any exist, showing that the named defendants were approved to handle legal mail under these procedures. For example, a certification that defendants completed some kind of training course would be responsive. Or, if no such documents exist because there is no approval process, defendants should say so. Defendants will be required to further respond to this request.

### Request Nos. 8 & 9

In request no. 8, plaintiff seeks the "institutional disciplinary record for named defendants Adams, Lee, and Evert." In request no. 9, plaintiff seeks "any Police Record and/or Police Report filed against named defendants Adams, Lee, and Evert." Defendants objected based, among other grounds, on confidentiality and over-breadth. The court sustains defendants' objections. As to request no. 8, plaintiff seeks confidential personnel information. As to both requests, they are over-broad in that they do not limit the documents sought to the relevant time period. Rather, these requests appear to be a fishing expedition for anything that might reflect negatively on defendants.

### Request Nos. 11, 12 & 13

In request no. 11, plaintiff seeks "documentation whether there has been any ongoing investigation of plaintiff . . . concerning him, his criminal case, or any other possible criminal conduct that plaintiff may be suspect." In request no. 12, plaintiff asks: "Who authorized such investigation" and requests "all documents available as to how this investigation

was or is carried out." In request no. 13, plaintiff appears to seek the same information as requests in nos. 11 and 12, except that it seeks information concerning any "unofficial" investigations. The court sustains defendants' objections. First, the requests are vague as to what plaintiff means by "investigation." Second, the requests are not relevant to plaintiff's claims that defendants mishandled his legal mail. Plaintiff argues that the information sought is relevant to show defendants' motive for mishandling his legal mail. However, motive is not an element of his constitutional claim under § 1983. If defendants did in fact violate plaintiff's constitutional rights, it would not matter why they did so. Given that plaintiff does not assert any claims based on retaliation, defendants' motives are irrelevant.

### III. CONCLUSION

Based on the foregoing, plaintiff's motion to compel is granted in part and denied in part. Plaintiff's motion is granted with respect to request nos. 2 and 7. As to request no. 2, defendants shall provide plaintiff the names of the personnel responsible for processing legal mail between December 1, 2004, and June 30, 2005. As to request no. 7, defendants shall provide documentation, if any exists, as to whether defendants were approved to handle legal mail under relevant procedures and rules. As to all other requests, plaintiff's motion is denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel is granted in part and denied in part; and

2. Defendants shall serve on plaintiff further responses as outlined herein within 20 days of the date of this order.

DATED: January 18, 2007.

                                                    _____
                                                    CRAIG M. KELLISON
                                                    UNITED STATES MAGISTRATE JUDGE