IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY JOE BURTON, | No. CIV S-05-2131-FCD-CMK-P |
|     Plaintiff, | |
|   vs. | FINDINGS AND RECOMMENDATIONS |
| ADAMS, et al., | |
|     Defendants. | |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for injunctive relief (Doc. 29). Plaintiff seeks injunctive relief against individuals who are not named as defendants in this action. Specifically, the defendants to this action are Adams Lee, Evert, and Quadro. In the instant motion, plaintiff outlines the alleged conduct of the following: High Desert State Prison; J. Flaherty, a prison librarian; Williams, also a librarian; and Fannon, a correctional officer. Plaintiff asserts that he is being denied paper on which to present his cases, thereby denying his meaningful access to the courts. This court, however, is unable to issue an order against individuals who are not parties to a suit pending before it. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).

Moreover, with respect to the merits of plaintiff assertion that he is being denied access to the courts, the court finds that, at present, plaintiff's claim has no merit. To prevail on a motion for injunctive relief, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor. See <u>Coalition for Economic Equity v. Wilson</u>, 122 F.3d 692, 700 (9th Cir. 1997); <u>Oakland Tribune, Inc. v. Chronicle Publ'g Co.</u>, 762 F.2d 1374, 1376 (9th Cir. 1985). In order to state a claim of denial of access to the courts, the prisoner must allege an actual injury. See <u>Lewis v. Casey</u>, 518 U.S. 343, 349 (1996). "Actual injury" is prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a claim. See <u>id.</u> Plaintiff has not alleged an actual injury.

Based on the foregoing, the undersigned recommends that plaintiff's motion for injunctive relief (Doc. 29) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 20 days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 28, 2007.

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE